IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01101-BNB

BERNARD JONES,

    Applicant,

v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Bernard Jones, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Jones has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his state court conviction in El Paso County District Court case number 82CR1755.  On May 12, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response that addresses the jurisdictional question of whether Mr. Jones is in custody for the purposes of the conviction he is challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise those defenses in this action.  On May 28, 2014, Respondents filed a Pre-Answer Response (ECF No. 11) arguing that the Court lacks jurisdiction because Mr. Jones is not in custody and that the claims in the Application are both untimely and procedurally barred.  On October 24,

2014, Mr. Jones filed a Reply to Pre-Answer Response (ECF No. 23).  Also on October 24, 2014, Mr. Jones filed a Motion to Dismiss Without Prejudice (ECF No. 22).

The Court must construe the Application and other papers filed by Mr. Jones liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Jones was convicted by a jury in El Paso County District Court case number 82CR1755 of second degree assault and a crime of violence and was sentenced to four years and one day in prison.  The judgment of conviction was affirmed on direct appeal.  *See People v. Jones*, No. 86CA0861 (Colo. App. Sept. 10, 1987) (unpublished) (ECF No. 11-8).  On August 8, 1988, the Colorado Supreme Court denied Mr. Jones' petition for writ of certiorari on direct appeal.  (*See* ECF No. 11-7.)

Following his direct appeal, Mr. Jones did not initiate any state court proceedings challenging the validity of his conviction in case number 82CR1755 until October 2011 when he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 11-1 at 5-6.)  On December 19, 2011, the trial court denied the Rule 35(c) as untimely and successive.  (*See* ECF No. 11-5.)  The trial court's order denying the Rule 35(c) motion was affirmed on appeal because the motion was untimely.  *See People v. Jones*, No. 12CA0163 (Colo. App. Oct. 25, 2012) (unpublished) (ECF No. 11-3).  On May 31, 2013, the Colorado Supreme Court denied Mr. Jones' petition for writ of certiorari in the state court postconviction proceedings.  (*See* ECF No. 11-1 at 4.)

Mr. Jones does not contend he still is serving the sentence imposed as a result of his conviction in case number 82CR1755. However, he contends that he remains in custody with respect to case number 82CR1755 because that conviction was used to enhance the sentences he currently is serving as a result of his convictions in two other El Paso County District Court cases, case numbers 89CR3639 and 97CR873. Respondents concede that Mr. Jones' conviction in case number 82CR1755 was used to enhance the sentences imposed in case numbers 89CR3639 and 97CR873.

The Application was filed on April 17, 2014. Mr. Jones specifically claims in the Application that he was convicted in case number 82CR1755 in violation of his constitutional rights because trial and appellate counsel in that case were ineffective. As relief he asks that his conviction in case number 82CR1755 be vacated and he asks the Court to issue an order declaring that his conviction in case number 82CR1755 may not be used as the basis for enhancing or aggravating any other sentence in any subsequent cases.

As noted above, Respondents first argue that the Court lacks jurisdiction over this action because Mr. Jones is not in custody for the purposes of the conviction he is challenging. The Court agrees.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Furthermore, the custody requirement is jurisdictional. *See McCormick v. Kline*, 572

F.3d 841, 848 (10th Cir. 2009). Thus, a prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Finally, it is Mr. Jones' burden to establish that the custody requirement is satisfied. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that a defendant filing a motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

Mr. Jones' argument that he is in custody with respect to his conviction in case number 82CR1755 because that conviction was used to enhance the sentences he currently is serving lacks merit. *See Maleng*, 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). Therefore, Mr. Jones fails to satisfy his burden of demonstrating he is in custody with respect to his conviction in case number 82CR1755.

The Court recognizes that Mr. Jones could satisfy the "in custody" requirement if the Application was construed as challenging the validity of his convictions in either of his other El Paso County cases because he still is serving the sentences imposed in those cases. *See Lackawanna*, 532 U.S. at 401-02. However, there is no indication in the Application that Mr. Jones seeks to challenge the validity of either of his current cases in this action. Furthermore, Mr. Jones asserts in the Motion to Dismiss Without

Prejudice that he does not want the Application to be construed as challenging the validity of his current cases because he recognizes that such a construction could prejudice his ability to file a second or successive application directly challenging those convictions. *See* 28 U.S.C. § 2244(b). Therefore, the Court will not construe the instant action as challenging the validity of either of Mr. Jones' current El Paso County cases. Instead, the instant action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction because Applicant is not in custody for the purposes of the conviction under attack. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the Motion for Extension of Time (ECF No. 21) and the Motion to Dismiss Without Prejudice (ECF No. 22) are denied as moot.

DATED at Denver, Colorado, this  29th  day of   October  , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court